IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEMOND CHRISTMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–1006–SMY-RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| JOHN TROST, | ) | |
| ERIC JOHNSON, | ) | |
| CHRISTINE LOCHHEAD, and | ) | |
| GAIL WALLS | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court on Plaintiff's Motion for Reconsideration. (Doc. 17). Plaintiff originally filed this action on September 20, 2017. (Doc. 1). The Court screened the Complaint on November 27, 2017, dismissing some claims and allowing others to proceed. (Doc. 8). Plaintiff filed the instant Motion for Reconsideration as to rulings in the Court's Threshold Order. (Doc. 17). For the reasons explained below, the Motion is **DENIED**.

Plaintiff first raises the Court's disposition of his claim against Wexford based on respondeat superior. He states that if "*Monell* is overturned during the pending litigation of the case sub judice, Plaintiff will move to reinstate said claim against Wexford, alternatively Plaintiff's objection preserves the issue for appeal." (Doc. 17, p. 3).

Next, Plaintiff contends that the Court abused its discretion by dismissing Dr. Shearing from Counts 2 and 4 on statute of limitations grounds. *Id*. Specifically, Plaintiff argues that the

defense was not apparent on the face of the Complaint; that the Court disregarded the law on construing pro se complaints *Id.*; that the date Dr. Shearing left his employment is irrelevant to the statute of limitations determination (Doc. 17, p. 4); and that the Court should have considered the discovery rule in analyzing the statute of limitations question (Doc. 17, p. 5). Plaintiff also maintains that the Court improperly considered the issue of exhaustion when determining whether the statute of limitations should be tolled. (Doc. 17, pp. 6-7).

Plaintiff's third ground for reconsideration is that the Court should not have dismissed Dr. Sutterer because he clearly delayed providing Plaintiff with adequate care. (Doc. 17, p. 7).

Plaintiff also takes issue with the Court's dismissal of his retaliation claim. (Doc. 17, p. 8). He first argues that it was improper for the Court to dismiss Wexford because Wexford had a policy, practice, or custom of turning a blind eye to retaliatory action of others. *Id.* He also asserts that Dr. Shearing should not have been dismissed on statute of limitations grounds for the same reasons discussed above. *Id.* Finally, as to Defendant Walls' dismissal, Plaintiff states that he will file an amended complaint. *Id.*

## Discussion

Federal Rule of Civil Procedure 54(b) provides:

> any order . . . which adjudicates fewer than all of the claims . . . shall not terminate the action as to any of the claims . . . and the order . . . is subject to revision at any time before the entry of judgment. . . .

Under this rule, a court may reconsider its own orders that dispose of less than the entire case prior to final judgment. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp*, 460 U.S. 1 (1983). The Court may, *sua sponte* or on motion, correct clear errors of fact or law in an interlocutory order. *Diaz v. Indian Head Inc.*, 686 F.2d 558, 562-63 (7th Cir. 1982).

The purpose of a motion to reconsider is to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Reconsideration is also appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)). "A manifest error is not demonstrated by the disappointment of the losing party, instead it is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

As an initial matter, Plaintiff's stated intention to move to reinstate his respondeat superior claims against Wexford, should the law in the Seventh Circuit change, requires no analysis or action from this Court and will not be addressed further. Plaintiff has also refers to other motions that he *intends* to file, but future motions also require no action from the Court at present.

### *Dismissal of Dr. Shearing*

With regard to Plaintiff's argument that Dr. Shearing should not have been dismissed from Counts 2 and 4 on statute of limitations grounds because the defense is not apparent on the face of the Complaint, the Court's decision to dismiss Dr. Shearing rested in a large part on Plaintiff's allegation in the Complaint that Dr. Shearing was no longer working at Menard as of October 5, 2014. Plaintiff argues that the Court did not liberally construe the pro-se filing in his favor when it relied on this statement. But this allegation is unambiguous and not subject to more than one interpretation. Moreover, Plaintiff does not argue that Shearing actually worked

at Menard past that date. While Plaintiff is correct that pro-se complaints must be liberally construed with all facts taken in the light most favorable to the Plaintiff, the Court is not required or permitted to ignore facts provided by the plaintiff. Therefore, the Court committed no error in accepting as true Plaintiff's statement regarding the end of Shearing's employment.

Plaintiff also argues that the Court should not have considered the statute of limitations affirmative defense at all on threshold review. Plaintiff cites to *Jones v. Bock*, 549 U.S. 199, 212 (2007) in support of his argument – apparently missing the Supreme Court's specific holding that " [a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred ty the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Id*. at 215. Plaintiff also completely ignores the line of Seventh Circuit cases cited by this Court permitting it to consider the defense. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992). As such, Plaintiff has failed to establish that the Court made a legal error on this point.

Plaintiff also claims that the date Dr. Shearing left his employment is "absolutely irrelevant as a matter of law" under the continuing violation doctrine. (Doc. 17, p. 4). That position is inconsistent with the relevant case law. The statute of limitations begins running when the claim accrues. *Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2001). Tolling is a doctrine that stops the statute of limitations after it has begun to run (after it accrues). *Id*. at 317. Thus, relevant to Plaintiff's claims, every day medical defendants in an 8th Amendment case refuse to treat a painful condition marks a fresh infliction of punishment that causes the statute of limitations to start running anew. *Id*. at 318. This continuing violation doctrine allows a plaintiff

to reach back into time to events that are beyond the statute of limitations and is a doctrine of accrual. *Id*. at 318-19.

The Court did not give short shift to *Heard v.Sheahan* as Plaintiff claims. That Decision, while offering a helpful and comprehensive description of the continuing violation doctrine, does not address the precise issue in this case – when does the statute of limitations begin running as to a defendant who has left his employment? But *Heard v. Elyea,* 525 F. App'x 510 (7th Cir. 2013) (a different case involving the same plaintiff) does address the issue.

Plaintiff argues that *Heard v. Elyea* supports his position because in that case, the Seventh Circuit held that the statute of limitations did not begin running as to most of the defendants until the plaintiff had his surgery. But significantly, the court also found that the plaintiff's claim against the medical director accrued 3 weeks earlier than the rest of the defendants because the medical director retired 3 weeks prior to the surgery; the statute of limitations began running as to him on the date of his retirement, not the surgery. 525 F. App'x 510, 511 (7th Cir. 2013). Although *Heard v. Elyea* is an unpublished opinion, the court explicitly stated that its conclusion was contained in *Heard v. Sheahan*. *Id.* at 511 ("This means, we concluded in 2001 [in *Heard v. Sheahan*] that, when a person resigns or retires from his public employment, the claim accrues on that date."). Plaintiff's disagreement with the case law does not establish a legal error.

Plaintiff also contends that the statute of limitations should have been tolled by the discovery rule. However, because he does not allege that he discovered his injury later than the accrual date of October 4, 2014, the discovery rule does not apply.

Plaintiff next argues that the Court misapplied the tolling doctrine. Plaintiff's argument on this point is unclear. He appears to challenge the Court's application of 27 days of tolling, but

does not suggest an alternate period. Plaintiff argues at length that it was improper for the Court to determine that the November 2016 grievance was untimely. However, while the Court noted in a footnote that the November 2016 grievance was *probably* untimely, it nevertheless considered tolling based on that grievance. The Court found that Plaintiff would have had to file suit no later than October 31, 2016; without the tolling attributed to the November 2016 grievance, the date would have been October 4, 2016. For these reasons, the Court finds no legal or factual error in its decision to dismiss Plaintiff's claims against Dr. Shearing with prejudice on statute of limitations grounds.

*Dismissal of Dr. Sutterer*

The Court dismissed Dr. Sutterer because the Complaint merely states that "Plaintiff was seen by Dr. Sutterer on October 7, 2016, over seven (7) weeks after August 15, 2016 off-site specialist visit." (Doc. 1, p. 18). The Court found that allegation did not raise an inference that Sutterer was deliberately indifferent. Plaintiff argues that the allegation does show that Dr. Sutterer was deliberately indifferent because there was a delay of 7 weeks after the specialist visit and a further delay of 5 months before Plaintiff finally had his surgery. But Plaintiff does not allege that Sutterer was responsible either for scheduling follow-up visits or the surgery, or that he deliberately delayed the follow-up visit or the surgery.

The Court remains persuaded that Plaintiff's allegation against Sutterer is too vague to adequately state a claim for deliberate indifference. The dismissal was without prejudice, and as Plaintiff notes, he may file an amended complaint asserting this claim.

Finally, Plaintiff argues that Wexford should not have been dismissed from Plaintiff's retaliation claim because Wexford had a policy, practice, or custom of turning a blind eye to acts of retaliation by staff. There is no such allegation in the Complaint, and a Rule 54(b) motion is

not the appropriate mechanism to raise new allegations or legal theories. Therefore, the Court finds no error in its decision to dismiss Count 4.[1]

### Disposition

Plaintiff's Motion for Reconsideration of the Threshold Order (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 7, 2018**

s/ STACI M. YANDLE<br>**U.S. District Judge**

---

[1] The correct method for raising new facts is to move to file an amended complaint, as Plaintiff is aware.