IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMOND CHRISTMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  17-cv-1006-RJD |
| ) | |
| WEXFORD HEALTH SOURCES, INC., DR. ) | |
| JOHN TROST, CHRISTINE LOCHHEAD, ) | |
| and GAIL WALLS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant Christine Lochhead, O.D.'s Motion to Dismiss (Doc. 131).  For the reasons set forth below, the Motion is **GRANTED**.

**Procedural Background**

Plaintiff Demond Christmas, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on September 20, 2017 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").  Generally, Plaintiff alleges he was assaulted while at the Cook County Jail and sustained facial fractures that were not adequately treated. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One: Wexford's policies regarding cost and eye care delayed Plaintiff's medical treatment for more than four years, prolonging his pain and suffering in violation of the Eighth Amendment.
>
> Count Two: Trost, Johnson, Lochhead, and Walls were deliberately indifferent to Plaintiff's eye condition in violation of the Eighth Amendment when they failed to diagnose his right orbital fracture, failed to follow the recommendation of the specialist from John Stroger

> Hospital, delayed treatment, and failed to follow repeated specialist recommendations.

By Order dated January 30, 2019, Plaintiff's claims against Defendant Johnson were dismissed with prejudice (Doc. 73). By Order dated April 24, 2020, Plaintiff's claims against Defendants Wexford, Trost, and Walls were dismissed with prejudice (Doc. 117). The only defendant remaining following entry of these orders is Christine Lochhead.

Service on Defendant Lochhead was a lengthy process. A request for a waiver of service was sent to Lochhead on November 28, 2017 (Doc. 12). This was apparently unreturned, and a second waiver was sent on March 2, 2018 (Doc. 35). The second waiver was returned unexecuted on March 9, 2018 (Doc. 39). On September 6, 2018, the undersigned ordered the United States Marshals Service to personally serve Defendant (Doc. 56). The summon was returned unexecuted on October 16, 2018 (Doc. 61). On March 6, 2020, Judge Yandle ordered Plaintiff to provide a valid service address for Defendant within 30 days (Doc. 116). Plaintiff did not provide a service address within this time, and on May 7, 2020, Judge Yandle again ordered Plaintiff to provide a valid service address within 30 days (Doc. 119). Plaintiff provided a service address on June 2, 2020, and a third waiver of service was sent on June 8, 2020 (Doc. 122). This waiver was executed and Defendant filed her motion to dismiss in response to Plaintiff's complaint on July 31, 2020 (Doc. 131). Defendant contends dismissal is appropriate due to Plaintiff's failure to serve within the timeframe allotted and failure to file this case within the statute of limitations period. Defendant also asserts dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies. Plaintiff filed his response on August 26, 2020 (Doc. 134).

## Discussion

Defendant Lochhead seeks dismissal from this action under Federal Rule of Civil

Case 3:17-cv-01006-RJD   Document 137   Filed 02/10/21   Page 3 of 7   Page ID #1292

Procedure 12(b)(6).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted.  In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff.  *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted).  A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief.  *See* FED. R. CIV. P. 8(a)(2).  Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

      Defendant Lochhead asserts dismissal is appropriate because she was not served within the time frame set forth in Federal Rule of Civil Procedure 4(m).  Rule 4(m) provides that a defendant should be served within 90 days after the complaint is filed.  However, this deadline may be extended for good cause.  Defendant contends after the U.S. Marshal's were unable to serve her in 2018, Plaintiff made no attempt to locate her for a period of 18 months.  However, when ordered to do so, Plaintiff was able to provide an address for Defendant within 20 days.  Defendant's contend that any "good cause" to allow an extension of time to serve within Rule 4(m) following the Marshal's failure to serve Lochhead early on was lost when Plaintiff failed to pursue his claims against this Defendant until 2020.  Although mindful of the significant delay in service, the Court finds service was timely under Rule 4(m) given the Court's invitation to Plaintiff to provide the address of Defendant Lochhead in March and May 2020.  Indeed, Plaintiff complied with District Judge Yandle's Order dated May 7, 2020, and provided a service address for Defendant on June 2, 2020.  Accordingly, dismissal is not warranted for Plaintiff's failure to comply with Rule 4(m).

Page **3** of **7**

Defendant Lochhead also asserts dismissal is appropriate because Plaintiff did not file this action against her within the required statutory period. Although Section 1983 does not contain an express statute of limitations, it is well established in this Circuit that the limitations and tolling laws in the state where the alleged injury occurred are applied. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). Illinois law prescribes that actions for personal injury must be commenced within two years after the cause of action accrued; thus, this case is governed by a two-year statute of limitations period. 735 ILCS § 5/13-202; *see Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citations omitted). According to the complaint, Plaintiff alleges Defendant was only involved in his care and treatment on October 23, 2014, but he did not file this action until September 20, 2017. As Defendant argues, Plaintiff's filing date is well beyond the two-year statutory period. However, there are two primary arguments the Court must address to determine whether it is appropriate to toll the statutory period. First, the Court considers Plaintiff's assertion that Lochhead was involved in what he describes as a "continuing violation" of inadequate medical treatment.

As espoused by the Court in its screening order, the continuing violation doctrine holds that a violation keeps accruing for so long as it continues to happen. *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001); *see also Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). This allows a plaintiff to reach back to the beginning of the constitutional violation even if that beginning lies outside of the statute of limitations period. This doctrine, however, cannot be applied to Defendant Lochhead. As set forth by the Seventh Circuit in *Turley v. Rednour*, a violation is continuing where "it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of *the defendant's* unlawful conduct." 729 F.3d at 652 (quoting *Heard*, 253 F.3d at 318) (emphasis added). In *Wilson v. Wexford Health Sources, Inc.*, the Seventh Circuit

explained that "a section 1983 Eighth Amendment claim based on deliberate indifference in the delivery of medical care does not necessarily allege a single event or series of events, but may describe an ongoing denial of care." 932 F.3d 513, 517 (7th Cir. 2019) (citation omitted). These types of cases are instances of "continuing violations" that last as long as the "defendant [has] the power" to remedy the plaintiff's condition but fails to do so. *Id.* The mere fact that Defendant Lochhead saw Plaintiff on one occasion and worked at the institution during the time when Plaintiff alleges he was provided inadequate medical care is simply not sufficient to avoid statutory time limits. Lochhead did not take repeated actions that allegedly deprived Plaintiff of adequate medical treatment. Notably, there is no allegation that Lochhead was a supervisor who could direct medical treatment, nor is there any allegation that Lochhead instituted any policy that affected Plaintiff's medical treatment. Further, Lochhead is an optometrist, not a physician, and Plaintiff was in the care of physicians at the relevant time who directed his care and treatment. Defendant Lochhead saw Plaintiff on one occasion and the claim against her is discrete from the continuous violation Plaintiff urges the Court to accept, which relies on systemic failures and policies that resulted in the alleged refusal to follow specialists' recommendations. It would clearly prejudice Defendant to allow Plaintiff to hale her into Court beyond statutory time limits because she conducted an eye exam during the relevant time.

      This does not end the Court's inquiry, however. Pursuant to 735 ILCS 5/13-216, "[w]hen the commencement of an action is stayed by … *statutory prohibition*, the time of the continuance of the … prohibition is not part of the time limited for the commencement of the action" (emphasis added). Because the Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing suit under § 1983, the Seventh Circuit Court of Appeals has held that a federal court relying on the Illinois statute of limitations in §1983 cases *must* toll the

limitations period while a prisoner completes the administrative grievance process. *See* 42 U.S.C. § 1997(e)(a); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). With regard Defendant Lochhead, there is no grievance in the record submitted within 60 days of Plaintiff being examined by Defendant. Plaintiff again attempts to rely on the "continuing violation" doctrine as a mechanism for avoiding his requirement to exhaust. Again, Plaintiff's reliance on the continuing violation doctrines stretches beyond appropriate boundaries. The only grievance in the record filed after Plaintiff saw Defendant Lochhead on October 23, 2014 was filed more than two years later, on November 16, 2016. This grievance was clearly filed after the required 60-day timeframe and, therefore, cannot toll the statute of limitations as applied to Defendant. While the Court acknowledges that prisoners "need not file multiple, successive grievances raising the same issue … if the objectionable condition is continuing," *Turley*, 729 F.3d at 650, they are not absolved from raising the issue at least once in a timely manner. Indeed, in *Turley*, the Seventh Circuit indicated that "[s]eparate complaints about particular incidents are only required if the underlying facts or the complaints are different." *Id.* Thus, Plaintiff was at least required to grieve the initial incident with Lochhead. In this instance, Plaintiff cannot rely on a grievance filed two years after he saw Defendant Lochhead when it was reasonable for him to file a grievance about Defendant Lochhead's alleged conduct within 60 days. *See Ridgeway v. Wexford Health Sources, Inc.*, Case No. 18-cv-1970-JPG, 2020 WL 549441, *2-3 (S.D. Ill. Feb. 4, 2020). Here, Plaintiff not only failed to exhaust his claim against Defendant Lochhead, but there is no tolling period appliable to this Defendant and the statute of limitations period.

The Court finds Plaintiff filed his complaint against Defendant Lochhead beyond the required statutory period and, as such, his complaint must be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b).

### **Conclusion**

Based on the foregoing, Defendant Christine Lochhead, O.D.'s Motion to Dismiss (Doc. 131) is **GRANTED**. Defendant Lochhead is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: February 10, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**